**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jamey Christopher Gilliam, Appellant.

Appellate Case No. 2020-000877

---

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-083
Submitted February 1, 2023 – Filed March 15, 2023

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, for Respondent.

---

**PER CURIAM:** Jamey Christopher Gilliam appeals his convictions for possession of cocaine and possession of methamphetamine, and concurrent sentences of three years' imprisonment, suspended upon the service of one year of

imprisonment and five years' probation. On appeal, Gilliam argues the trial court erred by admitting drug evidence and his statement to police because they were both fruit of an illegal search of his vehicle and a container within the car. He contends the search incident to lawful arrest exception did not apply because the fruits of the search were used to justify his arrest. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by denying Gilliam's motion to suppress the drug evidence and his statement because the warrantless search qualified as a search incident to lawful arrest. Law enforcement testified the following circumstances gave rise to probable cause: (1) Gilliam's car was parked in an unusual way in a high crime area; (2) the arresting officer heard loud noises indicating a dispute was potentially occurring; (3) the officer observed an open container in plain view; and (4) a glass pipe, commonly used to smoke illegal drugs, fell out of the car onto the ground. Further, law enforcement testified Gilliam was arrested due to the totality of the circumstances. *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *State v. Freiburger*, 366 S.C. 125, 132, 620 S.E.2d 737, 740 (2005) ("There are two historical rationales for the 'search incident to arrest' exception to the warrant requirement: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial."); *id.* ("A warrantless search which precedes a formal arrest is valid if the arrest quickly follows."); *State v. Moultrie*, 316 S.C. 547, 551, 451 S.E.2d 34, 37 (Ct. App. 1994) ("The fruits of such a search, however, cannot be used to justify the arrest."); *State v. Bultron*, 318 S.C. 323, 332, 457 S.E.2d 616, 621 (Ct. App. 1995) (stating probable cause is "a justifiable determination, based upon the totality of the circumstances and in view of all the evidence available to law enforcement officials at the time of the search, that there exists a practical, nontechnical probability that a crime is being committed or has been committed and incriminating evidence is involved"). Additionally, we hold the search of the car was valid pursuant to the automobile exception. *See State v. Cox*, 290 S.C. 489, 491, 351 S.E.2d 570, 571 (1986) ("The two bases for the [automobile] exception are: (1) the ready mobility of automobiles and the potential that evidence may be lost before a warrant is obtained; and (2) the lessened expectation of privacy in motor vehicles which are subject to government regulation."); *id.* at 492, 351 S.E.2d at 571-72 ([U]nder the automobile exception, probable cause *alone* is sufficient to justify a warrantless search.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.